# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL MCDONALD, | | |
| Plaintiff, | | |
| v. | | 1:14-cv-2439-WSD |
| UNNAMED, | | |
| Defendant. | | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation [2] ("R&R"). The R&R considers Plaintiff Michael McDonald's ("Plaintiff") Complaint [1] ("Complaint"). The Magistrate Judge recommended administratively closing the case. The Court will also consider Plaintiff's Motion to Appoint Counsel [4].

## I. BACKGROUND

Plaintiff is currently confined in the El Dorado Correctional Facility in El Dorado, Kansas. Plaintiff has an open state criminal case against him in Georgia. On July 28, 2014, Plaintiff filed a letter, which the Clerk docketed as Plaintiff's Complaint, requesting that the Court assist him in locating the lawyer that was appointed to represent him in his Georgia state court criminal case.

On August 11, 2014, the Magistrate Judge noted that the Court does not provide legal assistance or advice to litigants, and recommended that Plaintiff contact an attorney or the appropriate state court. The Magistrate Judge noted that Plaintiff did not appear to have intended to commence a case in this Court, and recommended that the action be administratively closed.

Plaintiff did not file any objections to the R&R. On August 21, 2014, Plaintiff filed his Motion to Appoint Counsel, requesting that the Court appoint counsel to represent him in his Georgia state court criminal case.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the district judge

must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

    B.    Analysis

Plaintiff does not cite to any authority, and the Court has not found any, that authorizes the Court to assist Plaintiff in his state court criminal proceeding, or to locate the attorney appointed to represent him in that action.[1] Plaintiff should contact the state court that is handling his criminal case, or the local defender association where the state court criminal case is proceeding.

The Magistrate Judge correctly noted that Plaintiff does not appear to have intended to initiate a civil rights action in this Court. As the Clerk docketed Plaintiff's letter as a civil rights complaint, the Court, rather than adopting the R&R and administratively closing the case without ruling on the Complaint, will dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 636(b)(1).

---

[1] For these reasons, the Court will deny Plaintiff's Motion to Appoint Counsel.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **MODIFIES** the Magistrate Judge's Final Report and Recommendation [2].

**IT IS HEREBY FURTHER ORDERED** that Plaintiff's Complaint [1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [4] is **DENIED**.

**SO ORDERED** this 25th day of September, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE